**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                     :
SHIRLEY JOHNSON,                     :   CIVIL ACTION NO. 10-1974 (MLC)
                                     :
     Plaintiff,                      :   MEMORANDUM OPINION
                                     :
     v.                              :
                                     :
LIBERTY MUTUAL INSURANCE             :
COMPANY, et al.,                     :
                                     :
     Defendants.                     :
                                     :
```

**COOPER, District Judge**

The plaintiff, Shirley Johnson ("Johnson"), brought this action in New Jersey state court against defendants Liberty Mutual Insurance Company ("Liberty Mutual"), Liberty Mutual's Special Investigations Unit ("SIU"), and several individual employees of Liberty Mutual (the "individual defendants") to recover damages in a dispute stemming from an automobile insurance policy issued by Liberty Mutual (the "policy").  (Dkt. entry no. 1, Rmv. Not., Ex. 1, Compl.)  The defendants removed the action to this Court pursuant to 28 U.S.C. § ("Section") 1332.  (Rmv. Not.)  Johnson moves to remand this action for lack of complete diversity of citizenship under Section 1332.  (Dkt. entry no. 7, Mot. to Remand.)  The defendants oppose the motion to remand, and cross-move to dismiss some of the claims and to consolidate the remaining claim with a related action pending before the Court.  (Dkt. entry no. 9, Cr. Mot. to Dismiss.)

The Court determines the motion and cross motion on the briefs without an oral hearing, pursuant to Federal Rule of Civil Procedure ("Rule") 78(b). For the reasons stated herein, the Court will grant the motion to remand and deny the cross motion without prejudice.

## BACKGROUND

**I.   Legal Background**

   **A.   Section 1441(b)**

A state court action that could have been brought initially in federal court under Section 1332 is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought". 28 U.S.C. § 1441(b); see Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005) (stating "[d]efendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State"); Bor. of W. Mifflin v. Lancaster, 45 F.3d 780, 785 (3d Cir. 1995) (stating "[Section] 1441(b) diversity cases have an additional obstacle to removal: a resident defendant is barred from removing to federal court"). This is known as "the forum-defendant rule". For instance, if an action brought against more than one defendant in New Jersey state court is removed under Section 1332, and if one of those defendants is deemed to be a New Jersey citizen, then that action

- even if jurisdiction under Section 1332 exists - is nonetheless subject to remand.

### B.    Fraudulent Joinder

A plaintiff bringing an action in state court against more than one defendant may not commit "fraudulent joinder" by naming a defendant who is not of diverse citizenship solely to defeat removal under Section 1332.  Brown v. Jevic, 575 F.3d 322, 326-27 (3d Cir. 2009); In re Briscoe, 448 F.3d 201, 215-19 (3d Cir. 2006); Batoff v. State Farm Ins. Co., 977 F.2d 848, 851-54 (3d Cir. 1992); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 110-13 (3d Cir. 1990); Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29-34 (3d Cir. 1985).

## II.  Factual Allegations

### A.    Citizenship of the Parties

Johnson is a citizen of New Jersey.  (Rmv. Not. at 3.) Liberty Mutual is a Massachusetts corporation with its principal place of business in Massachusetts.  (Id.)  Liberty Mutual is, therefore, a citizen of Massachusetts.[1]  The individual defendants are citizens of New Jersey.  (Dkt. entry no. 7, Pl. Br. at 2.)

---

[1] Corporations are deemed to be citizens of the states in which they are incorporated and have their principal place of business.  28 U.S.C. § 1332(c)(1).

### B. Alleged Injuries

Johnson alleges that she was the named insured under the policy. (Compl. at 1.) She claims that Liberty Mutual breached the policy by refusing to pay underinsured motorist benefits after Johnson was injured in two separate motor vehicle accidents. (Id. at 3.) Johnson alleges that the alleged failure to pay benefits according to the terms of the policy also constitutes bad faith, common law fraud, and a violation of the New Jersey Consumer Fraud Act ("NJCFA"). (Id. at 6-7.) Johnson asserts that the individual defendants "conspired and worked together" to deny the legitimate claim that she filed. (Id. at 8.) She alleges that the individual defendants' actions "transcended those of the corporate entity", thus subjecting them to individual NJCFA liability. (Pl. Br. at 2.)

### C. Motion Practice

Johnson argues that remand is appropriate because there is no basis for federal jurisdiction. She first notes that she has asserted only state law claims. (Id. at 1-3.) She further argues that complete diversity of citizenship is lacking, as she and the individual defendants are citizens of New Jersey. (Id. at 2.) Johnson asserts that the individual defendants were reasonably joined and the defendants have "failed to sustain their heavy burden" to show that the individual defendants were fraudulently joined. (Id. at 3.)

The defendants argue that removal was proper and that the Court has jurisdiction under Section 1332 pursuant to the doctrine of fraudulent joinder. (Dkt. entry no. 11, Reply Br.) They argue that Johnson's claims "against the individual defendants fail to state a claim upon which relief may be granted." (Id. at 8.) They contend that this failure to state a claim shows that the individual defendants were fraudulently joined and, consequently, their citizenship "is irrelevant in determining the presence of diversity jurisdiction." (Id. at 2.) The defendants also cross-move to dismiss all claims insofar as they pertain to the individual defendants and SIU, and to dismiss the claims of bad faith, violation of the NJCFA, common law fraud, punitive damages, and attorneys' fees as they pertain to Liberty Mutual. (Cr. Mot. to Dismiss.) The defendants also cross-move to consolidate the remaining breach of contract claim against Liberty Mutual with a related action pending before the Court. (Id.) See Johnson v. Liberty Mut. Ins. Co., No. 10-494 (MLC).

## DISCUSSION

A party raising a fraudulent joinder argument has a "heavy burden of persuasion" to show that the plaintiff has (1) no reasonable basis in fact or colorable ground to support the claim against the allegedly fraudulently joined defendant, or (2) no real intention in good faith to prosecute the action against that defendant. Boyer, 913 F.2d at 111. When addressing the issue of

5

fraudulent joinder, the Court must (1) resolve in the plaintiff's favor all contested factual issues and any uncertainty as to the current state of controlling substantive law, and (2) find that a defendant was properly joined if there is "even a possibility" that a state court would find that a complaint states a claim. Id.  For a defendant to be found to be fraudulently joined, the claims asserted against that defendant must be "wholly insubstantial and frivolous".  Batoff, 977 F.2d at 852.

The standard for addressing dismissal due to fraudulent joinder is not the same as the standard for addressing either dismissal for failure to state a claim or summary judgment.  See Briscoe, 448 F.3d at 217-18 (stating district court errs if a fraudulent joinder inquiry delves into a claim's merits); Batoff, 977 F.2d at 852 (stating district court erred in fraudulent joinder analysis in finding complaint failed to state a valid claim); Boyer, 913 F.2d at 111-12 (stating district court not permitted to reach claim's merits in deciding fraudulent joinder issue).  An inquiry under a motion to dismiss or for summary judgment "is more searching than that permissible when a party makes a claim of fraudulent joinder".  Batoff, 977 F.2d at 852.  As a fraudulent joinder analysis is not as "penetrating", the rejection of a fraudulent joinder argument does not guarantee that the claim will withstand a motion to dismiss for failure to state a claim on the merits or a motion for summary judgment.  Id. at 852-53.

The plaintiff has not fraudulently joined the individual defendants here, as the claims against the individual defendants are not wholly insubstantial and frivolous.  The Complaint alleges that the individual defendants, acting as employees of Liberty Mutual, "violated one or more sections of the Consumer Fraud Act . . . by participating in fraudulent and/or unconscionable commercial practices."  (Compl. at 7.)  New Jersey law does not bar actions against individual principals or employees of corporations who participated in the conduct giving rise to NJCFA liability.  Allen v. V & A Bros., Inc., No. L-1290-04, 2010 WL 2508842, at *3 (N.J. App. Div. June 23, 2010) (explaining that courts "have not found it necessary to pierce the corporate veil" in order to reach individual employees because "they have interpreted the CFA, by its use of the term 'person' in the liability provisions . . . as providing sufficient statutory authority for the imposition of individual liability"); Cardillo v. Bolger, No. L-1272-06, 2009 WL 62866, at *3 (N.J. App. Div. Jan. 12, 2009) (holding that the NJCFA should be given a liberal construction and that it "appl[ies] equally to corporations and the individuals acting on their behalf"); Hyland v. Aquarian Age 2,000, Inc., 372 A.2d 370, 373 (N.J. Ch. Div. 1977) ("There is no suggestion that the statute was not intended to include natural persons who violate the [NJCFA].").  There is, therefore, "a possibility" that a state court would find that

Johnson has stated a claim against the individual defendants. Boyer, 913 F.2d at 111.  Furthermore, the defendants have not demonstrated that Johnson does not actually intend to prosecute the action against the individual defendants.  Thus, the defendants have not met the heavy burden of persuasion required to show fraudulent joinder.  This Court lacks jurisdiction here.

It may be that the claims asserted against the individual defendants would not survive a motion to dismiss on the merits. Such concern, however, is not relevant here.

## CONCLUSION

The Court will grant the motion to remand, deny without prejudice the cross motion to dismiss and consolidate, and remand the action.  The Court will issue an appropriate order.

                                                s/ Mary L. Cooper  
                                        **MARY L. COOPER**  
                                        United States District Judge

Dated:    July 27, 2010